I. W. SPARKS v. THE STATE.

No. 1865.    Decided December 19, 1900.

1. **Witness—Affidavit of Inability to Obey Subpoena from Lack of Funds—Sheriff—Constitutional Law.**

The Act of Special Session Twenty-fifth Legislature, page 58, requiring the sheriff to advance or pay the expenses of a witness for whom he has process, where the witness makes affidavit of inability, from lack of funds, to appear in obedience to a subpoena, is constitutional and legal as to felony cases.

2. **Same—Sheriff—Fine for Contempt in Failing to Execute Process.**

Where a subpoena for a witness in a murder case was not returnable until the 18th day of the month, but the same was served and returned prematurely by the sheriff on the 11th, and the witness, before the 18th, made affidavit of inability, from lack of funds, to obey the subpoena; and, thereafter, the said witness not appearing in court on the 18th, the court assessed a fine and rendered judgment nisi against the sheriff for contempt in failing to legally serve and return the subpoena; Held, the sheriff's contention that the action of the court was illegal, because the subpoena was returned before the witness made his affidavit, was untenable inasmuch as it was the duty of the officer to ascertain what disposition he would make of the witness before he returned the writ.

3. **Same—Due Process of Law.**

The statute requiring a sheriff to furnish a witness with money sufficient to enable him to obey process served upon him, is not obnoxious to constitu-

tional objection, that it is taking his, the sheriff's money without due process of law, because the same statute makes ample provision for his, the sheriff's reimbursement; and besides he has voluntarily assumed the duties of his office, which he knows require such expenditure of money, but which the State promises to reimburse him.

4. Same—Sheriff—Contempt.

A sheriff is an officer of the court and the judge has authority to require the process of the court to be executed by its officers, and the failure to do so can be treated as a contempt. Davidson, P. J., dissenting.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

Appeal from a judgment final upon a fine of $100 for contempt of court in not properly serving and returning a subpoena for a witness in a criminal case.

The case is stated in the opinion.

*Robson & Duncan,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a judgment of the Criminal District Court of Harris County imposing a fine of $100 against I. W. Sparks, sheriff of Lee County, for failing to execute process on a witness in a case pending in said court. The judgment nisi was rendered, and on answer it was made final, and appeal is prosecuted to this court.

It appears that a certain murder case against one Andrew Atkins was pending in the Criminal District Court of Harris County, and in said case a subpoena was issued to Lee County, and directed to the sheriff of said county, for one A. H. Robinson, a resident of Lee County, and alleged to be a material witness. The writ reached the hands of appellant about April 9, 1898, and was served by said sheriff on the 11th, and return of the same made to the District Court of Harris County. The process is as follows: "The State of Texas. To the Sheriff or any Constable of Lee County, Greeting: You are hereby commanded to summon A. H. Robinson (col.), if to be found in your county, to be and personally appear on the 18th day of April, 1898, at 10 o'clock a. m., before the honorable District Court of Harris County, Texas, to be held within and for said county of Harris at the courthouse thereof, in Houston, then and there to testify as a witness in behalf of the State and the defendant in a certain criminal action (a felony case) in our said court pending, wherein the State of Texas is plaintiff and Andrew Atkins defendant (number 10,679), and there to remain from day to day and from term to term until discharged by the court. And you will deliver to said witness, A. H. Robinson, each a true copy of this subpoena. Herein fail not, and have you then and there before said court this writ, with your return thereon indorsed, showing how you have executed the same.

A disobedience of this subpoena is punishable by fine not exceeding $500, to be collected as fines and costs in other criminal cases. The bail bond required of each of said witnesses is fixed at $100. Attest: George Ellis, Clerk," etc. The return merely showed the delivery of the writ of subpoena to said witness. Subsequent to this, and before the 18th of April, witness Robinson made and presented to the sheriff, Sparks, such an affidavit as is required by law, stating, in substance, that he was unable, from lack of funds, to appear in obedience to said subpoena. The witness not appearing in the Criminal District Court of Harris County on the 18th of April, a fine was assessed and judgment nisi rendered against the sheriff in the sum of $100. He answered this by setting up several matters, none of which we deem necessary to be considered, except that part of the answer which questions the Act of the Twenty-fifth Legislature (Acts Special Session Twenty-fifth Legislature, page 58), which requires the sheriff to advance or pay the expenses of a witness for whom he has process, when such witness makes affidavit of his inability, from lack of funds, to appear in obedience to a subpoena. Appellant questions the constitutionality of this act, on the ground that it deprives a defendant of the benefit of compulsory process to have his witnesses in attendance at his trial; and he shows that the act in question relates exclusively to felony cases, and therefore in a misdemeanor case a defendant can not have the benefit of such compulsory processes. In answer to this we have to say that the act may be without effect if it be construed to deprive a defendant of the benefit of his witnesses in misdemeanor cases, while the act may be constitutional and legal as to felony cases. Black, Const. Law, p. 64, sec. 44, and authorities there cited.

Appellant again questions the legality of the action of the court, because he says he had returned the writ before the witness made the affidavit. The writ was not returnable until the 18th, and it was the duty of the officer to ascertain what disposition he was to make of the witness before he returned the writ. The writ should be construed in accordance with the law which authorized it, and appellant's contention would lead to the result that the fine should have been inflicted for a premature return.

We also understand appellant contends it is unconstitutional to require him, as the law does, to pay the expenses of witnesses under process, when they are unable to pay their expenses, because he says this is taking his property without due process of law. It does not occur to us that this question is at all involved in this case. The statute in question authorizes process for witnesses in felony cases. Section 6 provides that if the subpoena is returnable at some future day, and the witness does not give bond, the sheriff shall take him in custody until such time as he shall start in obedience to the subpoena, when he shall, upon affidavit being made, provide the witness with funds necessary to appear in obedience to said subpoena. The statute also provides how the sheriff shall be reimbursed for this outlay; that

is, it requires him to make out his account, under oath, of the amount furnished said witness, together with the amount of his fees for executing the writ, and he shall then be entitled to receive from the State for executing such process the sum of 50 cents for serving each witness, and 5 cents per mile for each mile actually traveled in the execution of the writ; and this account, together with the expenses paid for the witness, showing each item, shall be approved by the judge, and the whole shall be paid by the State as costs are paid in other criminal cases. The sheriff, when he undertook the duties of the office, assumed them voluntarily and cum onere. He knew that he would have to pay his own expenses in going to serve process, but that this would be reimbursed to him in fees; and it would be no answer for him to set up in reply to a contempt proceeding for failing to execute process that he would have had to pay his own money for executing such process originally—that the State had not provided him with means for that purpose. Nor do we think, when the State requires him to do some other duty which requires an outlay of money originally, as bringing a witness to court, and proposes afterward to reimburse him for such outlay, that it would be a sufficient answer for him to set up that he did not perform the service because the State had not in the first instance furnished him with the money. The State does not propose to take his property without compensation. On the contrary, he has voluntarily assumed the duties of the office, which he knows require the expenditure of money, but which the State promises to reimburse him. In other words, he undertakes to perform the functions of the office cum onere, and he must fulfill his contract. We think it was entirely competent for the court to enter the fine against him, as it did, as for a contempt in failing to execute process of the court, and it does not matter that the failure may have also involved a criminal offense. The sheriff is an officer of the court, and the judge has authority to require the process of the court to be executed by its officers, and the failure to do so can be treated as a contempt. The judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, dissenting.