

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
**ATTORNEY GENERAL**

August 24, 1953

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas          Opinion No. S-89

Re: 1. Authority of the Comp-
troller to issue warrants in
payment of witness fees as-
signed to a county.
2. Authority to issue war-
rants for witness fees to any
of the officers named in Arti-
cle 380, Vernon's Penal Code,
when such officers have pur-
Dear Mr. Calvert:          chased such witness fee bills.

Your request for our opinion reads in part as
follows:

"This Department has received a witness
fee bill for fees accruing to a witness under
the provisions of Article 1036 C.C.P. The
witness apparently attempted to assign his
witness fee account to Jeff Davis County,
which County paid the witness the full amount
of his witness fee account. The District
Clerk of the County requests that a warrant
be issued to the County for these witness
fees.

"Would it be legal for this Department
to issue a warrant to the County for these
fees?

"Would it be legal for this Department
to issue a warrant for witness fees to any
of the officers named in Article 380 P.C. in
instances when said officers have purchased
witness fee bills?"

Section 5 of Article 1036, Vernon's Code of Criminal Procedure, provides in part as follows:

"The Comptroller, upon receipt of such claim and the certified list provided for in the foregoing section, shall carefully examine the same, and if he deems said claim correct, and in compliance with and authorized by law in every respect, draw his warrant on the State Treasury for the amount due in favor of the witness entitled to same, or to any person such certificate has been assigned by such witness, but no warrant shall issue to any assignee of such witness' claim unless the assignment is made under oath and acknowledged before some person duly authorized to administer oaths, certified to by the Officer and under seal."

It is noted that the attempted assignment of the witness fee bill involved assigns the account to the witness himself, and is therefore ineffective as an assignment. Therefore, under the section of Article 1036 quoted above, the Comptroller would not be authorized to issue a warrant in payment of such claim to any person other than the witness himself.

It is probable that this assignment can be corrected to show that Jeff Davis County is the true assignee, as such appears to have been the intent of the parties, and the claim then again presented to your office.

In such event it is assumed that your first question was intended to inquire as to the legality of payment after an assignment of such a claim to a county. In this regard it is noted that the part of Section 5 above quoted authorizes an assignment "to any person."

Article 1572, V.C.S., provides "Each county which now exists or which may be hereafter established shall be a body corporate and politic." Article 23, V.C.S., provides in part, "The following meaning shall be given to each of the following words, unless a different meaning is apparent from the context: 2. 'Person'

includes a corporation." See City of Corpus Christi v. Live Oak County, 103 S.W.2d 226, 227 (Tex.Civ.App. 1937); City of Tahoka v. Jackson, 115 Tex. 89, 276 S.W. 662, 663 (1925); Comanche County v. Burks, 166 S.W. 470, 472 (Tex.Civ.App. 1914, error ref.)

There being no indication that the Legislature intended a more restrictive meaning it follows that a county would be included in the foregoing phrase authorizing assignments "to any person". It is our opinion that if a valid claim for witness fees in a felony case, properly assigned to Jeff Davis County, is presented within twelve months from the date same became due, it would be legal to issue a warrant to said county for such fees.

Your second question is, "Would it be legal for the Department to issue a warrant for witness fees to any of the officers named in Article 380, P.C., in instances when said officers have purchased witness fee bills?"

Article 380, Vernon's Penal Code, reads as follows:

"Any county judge, clerk or deputy clerk of any district or county court, sheriff, or his deputy, justice of the peace or constable, who shall purchase or otherwise acquire from the party interested any fee or fees coming to any witness in any proceeding whatever, either before the district or county court, or the court of any justice of the peace, or before any coroner's inquest, shall be fined not exceeding one hundred dollars."

The statute involved is very inclusive and denounces those designated officers who "purchase or otherwise acquire from the party interested" any such witness fees, and such purchase would be illegal and void. Texas Anchor Fence Co. v. City of San Antonio, 71 S.W. 301 (Tex.Civ.App. 1902). This would include acquisition in any manner other than by inheritance or

operation of law. Of course, this would not apply to a sheriff or constable advancing funds to a witness in conformity with Article 477, Vernon's Code of Criminal Procedure. Sparks v. State, 42 Tex.Crim. 374, 60 S.W. 246 (1900).

It follows therefore that the Comptroller would not be authorized to issue warrants to the officers named in Article 380, V.P.C., in instances when such officers have purchased witness fee bills.

SUMMARY

The Comptroller is authorized to issue a warrant to a county to pay a witness certificate which has been properly assigned to such county. Article 1036, V.C.C.P.

The Comptroller is not authorized to issue a warrant for witness fees to any of the officers named in Article 380, Vernon's Penal Code, when such officers have purchased witness fee bills.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer.

Robert S. Trotti
First Assistant

EB:am

JOHN BEN SHEPPERD
Attorney General

By Eugene Brady

Eugene Brady
Assistant